1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANA T. LOLMAUGH,

11          Plaintiff,                    No. CIV S-10-3031 FCD DAD PS

12   v.

13   STATE OF CALIFORNIA, et al.,          ORDER

14          Defendants.

15   _____/

16          This matter was referred to the undersigned in accordance with Local Rule

17   302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis

18   pursuant to 28 U.S.C. § 1915.

19          Plaintiff has submitted an in forma pauperis application that makes the showing

20   required by 28 U.S.C. § 1915(a)(1).  Plaintiff's request for leave to proceed in forma pauperis

21   will therefore be granted.

22          The determination that plaintiff may proceed in forma pauperis does not complete

23   the inquiry required by the statutes.  Under 28 U.S.C. § 1915(e)(2), the court is required to

24   dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or

25   if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

26   seeks monetary relief against an immune defendant.  To state a claim on which relief may be

1

1   granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

2   face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks

3   an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);

4   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5            In considering whether a complaint states a cognizable claim, the court accepts as

6   true the material allegations in the complaint and construes the allegations in the light most

7   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.

8   v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

9   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

10  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

11  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

12  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

13           The minimum requirements for a civil complaint in federal court are as follows:

14           A pleading which sets forth a claim for relief . . . shall contain (1) a
             short and plain statement of the grounds upon which the court's
15           jurisdiction depends . . . , (2) a short and plain statement of the
             claim showing that the pleader is entitled to relief, and (3) a
16           demand for judgment for the relief the pleader seeks.

17  Fed. R. Civ. P. 8(a).

18           The court find the allegations in plaintiff's complaint too vague and conclusory to

19  state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure

20  adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's

21  claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R.

22  Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A

23  pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of

24  action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of

25  'further factual enhancements.'"  Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009)

26  (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of

2

1  particularity overt acts which the defendants engaged in that support the plaintiff's claims.

2  Jones, 733 F.2d at 649.  A complaint must also contain "a short and plain statement of the

3  grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)

4  & 8(a)(3).

5          Here, plaintiff's complaint is deficient in several respects.  First, plaintiff alleges

6  that, during and after his incarceration, the State of California, the California Department of

7  Corrections ("CDCR"), Sacramento County, and the Sacramento Sheriff's Department were

8  deliberately indifferent to his serious medical needs.  (Compl. (Doc. No. 1) at 2-3.)  However, the

9  Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a

10  state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan,

11  440 U.S. 332, 340 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Jackson v. Hayakawa,

12  682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, neither the State of California nor

13  CDCR has consented to suit.

14          Second, with respect to Sacramento County and the Sacramento County Sheriff's

15  Department, such entities cannot be held liable for an injury inflicted solely by an employee

16  under a theory of respondeat superior.  Polk County v. Dodson, 454 U.S. 312, 325 (1981);

17  Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978); Gibson v. County of Washoe,

18  Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003) (describing the

19  two routes to municipal liability, where municipality's official policy, regulation or decision

20  violated plaintiff's rights, or alternatively where municipality failed to act under circumstances

21  showing its deliberate indifference to plaintiff's rights.)

22          Finally, while plaintiff in his provides a lengthy list of alleged unconstitutional

23  conduct, he fails to name any individual involved in that alleged conduct, fails to provide any

24  dates on which the alleged conduct occurred, and fails to allege any factual details with respect to

25  the conduct alleged.  (Compl. (Doc. No. 1 at 1-2.)  The Civil Rights Act under which this action

26  was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes
> to be subjected, any citizen of the United States ... to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution ... shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell, 436 U.S. 658; Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff has failed to name a proper defendant and has failed to allege sufficient facts demonstrating a cognizable claim for relief.  Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.

The undersigned has carefully considered whether plaintiff may amend his complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

1    However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be

2    dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in

3    support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,

4    1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v.

5    Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

6    amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

7    cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

8    1988)).

9           Here, because of the vague and conclusory nature of plaintiff's complaint the

10   court cannot say that it appears beyond doubt that leave to amend would be futile.  Plaintiff's

11   original complaint will therefore be dismissed, and he will be granted leave to file an amended

12   complaint.  Plaintiff is cautioned however that, if he elects to file an amended complaint, "the

13   tenet that a court must accept as true all of the allegations contained in a complaint is

14   inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

15   supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.  "While

16   legal conclusions can provide the complaint's framework, they must be supported by factual

17   allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from

18   conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at 557).

19          If plaintiff chooses to file an amended complaint, he must allege facts

20   demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal

21   constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In order to

22   name proper defendants in this action, plaintiff should attempt to identify the jail personnel or

23   medical personnel who he believes directly deprived him of his constitutional rights by their

24   actions or through their failure to act despite personal knowledge of plaintiff's serious medical

25   needs.  Any amended complaint must allege in specific terms how each named defendant was

26   involved in the deprivation of plaintiff's rights.

1  To the extent plaintiff wishes to proceed in this action on an Eighth Amendment

2  inadequate medical care claim, he is advised that in <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976),

3  the U.S. Supreme Court held that inadequate medical care did not constitute cruel and unusual

4  punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate

5  indifference to serious medical needs."  In applying this standard, the Ninth Circuit Court of

6  Appeals has held that before it can be said that a prisoner's civil rights have been abridged, "the

7  indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

8  'medical malpractice' will not support this cause of action."  <u>Broughton v. Cutter Lab.</u>, 622 F.2d

9  458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06).

10  Plaintiff is also reminded that any amended complaint he elects to file in this

11  action must be complete in itself without reference to prior pleadings that have been dismissed.

12  <u>See</u> Local Rule 220.  The court cannot refer to prior pleadings in order to make plaintiff's first

13  amended complaint complete.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Moreover,

14  any amended complaint must set forth factual allegations describing the conduct and events

15  which underlie his claims against each defendant named in the pleading.

16  Accordingly, IT IS HEREBY ORDERED that:

17  1. Plaintiff's November 10, 2010 application to proceed in forma pauperis (Doc.

18  No. 2) is granted.

19  2. The complaint filed November 10, 2010 (Doc. No. 1) is dismissed with leave to

20  amend.

21  3. Within thirty days from the date of this order, an amended complaint shall be

22  filed that cures the defects noted in this order and complies with the Federal Rules of Civil

23  Procedure and the Local Rules of Practice.  The amended complaint must bear the case number

24  assigned to this action and must be titled "Amended Complaint."

25  /////

26  /////

1          4. Failure to respond to this order in a timely manner may result in a

2     recommendation that this action be dismissed.

3     DATED: May 20, 2011.

4

5                                                    _____

6                                                    DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE

7     DAD:6
      Ddad1\orders.prose\lolmaugh3031.ifp.ord

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26